IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
(Northern Division)

| | |
|---|---|
| **CHRISTIE L. OWENS**<br>549 Morelock Schoolhouse Road<br>Westminster, Maryland 21158<br><br>*Plaintiff*,<br><br>v.<br><br>**KILLIANLAWGROUP, LLC**<br>400 Redland Court, Suite 204<br>Owings Mills, Maryland 21127<br><br>SERVE ON:<br>Robert Stegman, Resident Agent<br>122 American Avenue<br>Halethorpe, Maryland 21227<br><br>*Defendant*. | Civil Action No. _____ |

# COMPLAINT

The Plaintiff, Christie L. Owens, by her attorneys, James M. Ray, II and Ray Legal Group, LLC, hereby sues KillianLawGroup, LLC and alleges as follows:

## PARTIES

1. Plaintiff Christie L. Owens is a citizen of the State of Maryland.

2. Defendant KillianLawGroup, LLC ("Killian")[1] is a Maryland limited liability company with its principal place of business in Owings Mills, Maryland. Defendant Killian provides legal services throughout the State of Maryland.

---

[1] Although the Defendant transacts business under the name Killian Law Group, LLC, the Defendant's Articles of Organization do not include any spaces between the words. The Defendant's official name in the SDAT records is listed as "KillianLawGroup, LLC."

## JURISDICTION AND VENUE

3.      This Court has subject matter jurisdiction under 28 U.S.C. § 1331 over the Plaintiff's claim brought under the Fair Labor Standards Act, 29 U.S.C. §§ 201 *et. seq.*, and supplemental jurisdiction under 28 U.S.C. § 1367 over the Plaintiff's claims under the Maryland Wage and Hour Law, Md. Code Labor & Empl. §§ 3-401 *et seq.*, and the Maryland Wage Payment and Collection Law, Md. Code Labor & Empl. §§ 3-501 *et seq*.

4.      This Court has personal jurisdiction over Defendant Killian because Defendant Killian is a Maryland limited liability company and performs work and services within the District of Maryland.

5.      Venue in this District is proper as Defendant Killian's principal place of business is in this District and because the events giving rise to the claims occurred within this District.

## FACTS

6.      Beginning on April 25, 2018, Ms. Owens worked for Defendant Killian as a paralegal.

7.      While employed with Killian, Ms. Owens frequently worked more than forty (40) hours in a work week.  However, in each instance, Killian paid Ms. Owens only for the hours worked and failed to pay her full overtime pay (*i.e.* payment at the rate of one and one-half (1 ½) times her regular hourly wage) when she worked more than forty (40) hours in a work week.

8.      Ms. Owens repeatedly demanded that Defendant Killian pay her the unpaid overtime at the overtime rate of 1½ times her regular hourly wage when she worked more than forty (40) hours in a work week.  Despite this demand, Defendant Killian only paid Ms. Owens her regular hourly wage for all hours that she worked and never paid the full amount of her overtime pay (*i.e.* the additional ½ of her hourly wage).  For example, during the week of

2

September 16, 2019, Ms. Owens worked a total of 53.25 hours.  Ms. Owens was paid gross wages of $1,427.50 (the 53.25 hours that Ms. Owens worked multiplied by $26.80/hour).  She was not paid the additional ½ of her weekly wage for the 13.25 hours of overtime that Ms. Owens worked.[2]

   9.   The $26.80 hourly wages used by Killian to determine Ms. Owens wages for the week of September 16, 2019 was not Ms. Owens' actual pay rate.  Her actual hourly wage was $27.50 during that period based on an annualized salary of $57,200.  Defendant Killian paid Ms. Owens for the hours that she worked at an hourly rate that was less than her agreed upon hourly rate.

   10.  The provisions of the Fair Labor Standards Act, 29 U.S.C. §§ 201 *ET. seq*., the Maryland Wage and Hour Law, Md. Code Labor & Empl. §§ 3-401 *et seq*., and the Maryland Wage Payment and Collection Law, Md. Code Labor & Empl. §§ 3-501 *et seq*. apply to Ms. Owens and Ms. Owens is not otherwise exempt from the provisions of those statutes.

   11.  Defendant Killian has violated the Fair Labor Standards Act, 29 U.S.C. §§ 201 *et. seq*., the Maryland Wage and Hour Law, Md. Code Labor & Empl. §§ 3-401 *et seq*., and the Maryland Wage Payment and Collection Law, Md. Code Labor & Empl. §§ 3-501 *et seq*.

   12.  Ms. Owens seeks payment of unpaid overtime wages for the period from April 25, 2018, when she started her employment with Killian, through June 12, 2020, the last day that Ms. Owens worked overtime.  Killian terminated Ms. Owens' employment on June 18, 2020.

**COUNT I**
(Fair Labor Standards Act – 29 U.S.C. §§ 207 Overtime)

   13.  The Plaintiff incorporates by reference the preceding allegations as if set forth fully

---

[2] The $26.80 hourly rate used by Killian to determine Ms. Owens wages for that week was not actually Ms. Owens hourly pay rate.  Her actual hourly rate was $27.50 based on an annualized salary of $57,200 for 52 weeks.  Defendant Killian used different and fluctuating hour pay rates from week to week when determining Ms. Owens' gross pay.

herein.

14. Under § 207 of the FLSA, an employer is required to pay an employee "at a rate not less than one and one-half time the regular rate" when an employee works more than forty (40) hours in a work week.

15. Defendant Killian has violated the provisions of the FLSA by failing to pay Ms. Owens the full amount of her overtime pay at the rate of one and one-half times her regular hourly rate as required by the FLSA.

16. The actions of Defendant Killian were willful and without legal justification.

17. Under § 216 of the FLSA, "[a]ny employer who violates the provisions of section 206 or section 207 of this title shall be liable to the employee or employees affected in the amount of their unpaid minimum wages, or their unpaid overtime compensation, as the case may be, and in an additional equal amount as liquidated damages."  "The court in such action shall, in addition to any judgment awarded to the plaintiff or plaintiffs, allow a reasonable attorney's fee to be paid by the defendant, and costs of the action."

18. Ms. Owens has been damaged by Defendant Killian's failure to pay the required full amount of her overtime pay for hours worked over forty (40) hours during any work week, and she is entitled to recover the difference between the amount that Defendant Killian paid and the amount that Defendant Killian should have paid, along with liquidated damages and attorney's fees and costs.

WHEREFORE, Ms. Owens demands judgement against Defendant Killian for her unpaid overtime compensation, plus an additional equal amount as liquidated damages, reasonable counsel fees and costs, and any other relief deemed appropriate by the Court.

**COUNT II**
(Maryland Wage and Hour Law - Md. Code Labor & Empl. §§ 3-401 *et seq.*)

19. The Plaintiff incorporates by reference the preceding allegations as if set forth fully herein.

20. Section § 3-415 of the Labor and Employment Article provides "each employer shall pay an overtime wage of at least 1.5 times the usual hourly wage, computed in accordance with § 3-420 of this subtitle." The referenced section provides that "an employer shall compute the wage for overtime under § 3-415 of this subtitle on the basis of each hour over 40 hours that an employee works during 1 workweek."

21. Defendant Killian has violated the provisions of the Maryland Wage and Hour Law, Md. Code Labor & Empl. §§ 3-401 *et seq.* (the "MWHL"), by failing to pay Ms. Owens the full amount of her overtime pay at the rate of 1.5 times her usual hourly wage when the she worked more than forty (40) hours during any work week.

22. Under § 3-427 of the MWHL, "the employee may bring an action against the employer to recover: (1) the difference between the wage paid to the employee and the wage required under this subtitle; (2) an additional amount equal to the difference between the wage paid to the employee and the wage required under this subtitle as liquidated damages; and (3) counsel fees and other costs."

23. Ms. Owens has been damaged by Defendant Killian's failure to pay the required full amount of her overtime pay for hours worked over forty (40) hours during any work week, and she is entitled to recover the difference between the amount that the Defendant Killian paid and the amount that Defendant Killian should have paid, along with liquidated damages and attorney's fees and costs.

WHEREFORE, Ms. Owens demands judgement against Defendant Killian for her unpaid wages including any overtime compensation, plus an additional equal amount as liquidated damages, reasonable counsel fees and costs, and any other relief deemed appropriate by the Court.

## COUNT III
(Maryland Wage Payment and Collection Law - Md. Code Labor & Empl. §§ 3-501 *et seq.*)

24. The Plaintiff incorporates by reference the preceding allegations as if set forth fully herein.

25. Under § 3-502 of the Labor and Employment Article, an employer is required to pay an employee "wages" every two weeks. "Wages" means "all compensation that is due to an employee for employment" and includes "overtime wages" as defined by § 3-501(c)(2)(iv).

26. Defendant Killian has violated the provisions of the Maryland Wage Payment and Collection Law, Md. Code Labor & Empl. §§ 3-501 *et seq.* (the "MWPCL") by failing to pay Ms. Owens the full amount of her overtime pay as required by Maryland law and by paying Ms. Owens at an hourly rate that was less than her agreed upon hourly rate, which resulted in her not being paid the full amount of her wages.

27. Under § 3-507.2 of the MWPCL, "if an employer fails to pay an employee in accordance with § 3-502 or § 3-505 of this subtitle, after 2 weeks have elapsed from the date on which the employer is required to have paid the wages, the employee may bring an action against the employer to recover the unpaid wages." That section further provides that "[i]f, in an action under subsection (a) of this section, a court finds that an employer withheld the wage of an employee in violation of this subtitle and not as a result of a bona fide dispute, the court may award the employee an amount not exceeding 3 times the wage, and reasonable counsel fees and other costs."

28.     Defendant Killian's failure to pay the full amount of the overtime earned by the Plaintiff and failure to pay the Plaintiff at the full amount of her agreed upon hourly rate was in bad faith and was not the result of a bona fide dispute.

29.     Ms. Owens has been damaged by Defendant Killian's failure to pay the full amount of her overtime pay for hours worked over forty (40) hours during any work week and failure to pay her at the full amount of her agreed upon hourly rate, and she is entitled to recover the difference between the amount that Killian paid and the amount that Defendant Killian should have paid, along with additional liquidated damages and attorney's fees and costs.

WHEREFORE, Ms. Owens demands judgement against Defendant Killian for three (3) times her unpaid overtime compensation, reasonable counsel fees and costs, and any other relief deemed appropriate by the Court.

Respectfully Submitted,

**RAY LEGAL GROUP, LLC**

By: _/s/ James M. Ray_
James M. Ray, II (#012773)
jim.ray@raylegalgroup.com
8720 Georgia Avenue, Suite 803
Silver Spring, Maryland 20910
Phone: (301) 755-5656
Fax:    (301) 755-5627

*Attorneys for Plaintiff*